IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALEXANDER D. KNISLEY,

    Petitioner,   :  Case No. 3:16-cv-033

 - vs -         District Judge Thomas M. Rose
             Magistrate Judge Michael R. Merz

TOM SCHIETZER, Warden,
 Lebanon Correctional Institution,
             :
    Respondent.

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*; REPORT AND RECOMMENDATIONS

   This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review. The Court notes that Petitioner has not paid the filing fee but is incarcerated for a term of fifty-five years.  The Court therefore *sua sponte* grants him leave to proceed *in forma pauperis*.

   Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Petitioner pleads that he was convicted in the Montgomery County Common Pleas Court on July 19, 2008 (ECF No. 1, PageID 2.)  From that conviction and sentence he took a direct appeal to the Ohio Second District Court of Appeals for Montgomery County which affirmed the conviction and sentence. State v. Knisley, 2010-Ohio-11, 2010 Ohio App. LEXIS 94 (2nd Dist. Jan. 15, 2010), appellate jurisdiction declined, 125 Ohio St. 3d 1440 (2010).  The

1

Ohio Supreme Court declined jurisdiction on May 26, 2010. Knisley then had ninety days in which to seek review in the United States Supreme Court, but he did not file a petition for writ of certiorari (Petition, ECF No. 1, PageID 3). Thus his conviction became final on direct appeal on August 24, 2010.

      28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

      Under § 2244(d), the statute of limitations for filing a habeas corpus action began to run on August 24, 2010, and expired one year later on August 25, 2011. Knisley did not file his Petition for Writ of Habeas Corpus in this Court until January 23, 2016, more than four years

2

after the statute expired.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

In the Petition, Knisley seeks an order from this Court to reopen his state court appeal. As he notes, he filed an Application to Reopen his direct appeal in the Second District in May 2015. Relief was denied September 15, 2015, and the Ohio Supreme Court again declined to exercise appellate jurisdiction on December 30, 2015. Because an application to reopen under App. R. 26(B) is a proper collateral attack on a judgment under Ohio law, if Knisley had filed that application before the statute expired, its pendency would have tolled the federal statute. However, his 26(B) Application was filed almost four years after the statute expired.

Because Knisley's claims are barred by the statute of limitations, they should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 25, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).