# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALEXANDER D. KNISLEY,

        Petitioner,        :       Case No. 3:16-cv-033

  - vs -                                 District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

TOM SCHIETZER, Warden,
 Lebanon Correctional Institution,

                                                :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Reconsideration (ECF No. 7).  Because this Motion is made post-judgment, the Court treats it as a motion to amend the judgment under Fed. R. Civ. P. 59(e).  Post-judgment motions require a recommendation from a Magistrate Judge under 28 U.S.C. § 636(b), rather than a decision.

When this case was initially filed, the Magistrate Judge recommended it be dismissed as barred by the statute of limitations (Report, ECF No. 2).  Ms. Knisely objected, seeking particularly reopening of his direct appeal (Objection, ECF No. 3).  Judge Rose nonetheless adopted the Report (ECF No. 5, 6).

In the Motion, Mr. Knisley again seeks an order from this Court that his direct appeal be reopened.  The Motion does not show there is any manifest error of law in the judgment.  In fact,

1

it makes no comment on the statute of limitations at all.

The Motion for Reconsideration should be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 20, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).